United States District Court
Eastern District of New York

FILED IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ FEB 03 2021 ★
BROOKLYN OFFICE

RECEIVED FEB 3 2021 PRO SE OFFICE

1-19-21

ALEX TAVERA

Petitioner

v.

United States of America
Respondent

Honorable

CASE NO. # 00-cr-456 - D. TRAGER

Evidentiary Hearing Requested.

Supplement to Mr. Tavera's Motion Seeking Relief Under Writ of Error Coram Nobis

Comes Now, Petitioner, Alex Tavera, Pro Se Respectfully Moving to have his unlawful title 18, U.S.C. § 924(c) conviction vacated by Petition For Writ of Error Coram Nobis. The Petitioner brings the instant motion, as an extraordinary remedy, where he is no longer in custody for his invalid § 924(c) conviction. Kovacs v. United States, 744 F.3d 44, 49, 54 (2nd cir. 2014); Fleming v. United States, 146 F.3d 88, 89-90

(1)

(2d Cir. 1948) (describing coram nobis petitions as "a remedy of last resort for petitioners who are no longer in custody pursuant to a criminal conviction".)

## I. Facts of the Case

Nearly two decades ago, the Petitioner was convicted in this court for conspiracy to commit Hobbs Act Robbery and use of a firearm during and in relation to a crime of violence (conspiracy to commit Hobbs Act Robbery), in violation of Title 18 U.S.C. § 1951(A) and Title 18 U.S.C. § 924(c). The Petitioner was released from custody, after finishing his sentence and his supervised release, many years ago (2005).

In June of 2019, the United States Supreme Court decided Davis v. United States, 139 S.Ct. 2319 (2019), which invalidated the residual clause of § 924(c)(3)(B). In doing so, the Court reaffirmed that "a vague law is no law at all". See Davis, 139 S.Ct. at 2323.

On July 1, 2020, the Eleventh Circuit affirmed the Petitioner's denial for Title 28 U.S.C. § 2255 relief, based on the arguement that his prior 924(c) conviction was not a "violent felony" under the Armed Career Criminal Act (A.C.C.A.) of Title 18 U.S.C. § 924(E), following the decision in DAVIS V. United States, 139 S. Ct. 2319 (2019). SEE Alex Tavera V. United States, No. 18-13441 (11th Cir. July 1, 2020).

The instant action follows.

## II. Jurisdiction

It has been well established that a Coram Nobis "is an extraordinary remedy available only in rare cases", and is "typically available only when habeas relief is warranted because the Petitioner is no longer in custody." Kovacs, 744 F.3d at 49, 54.

To obtain a writ of Coram Nobis, the Petitioner "must demonstrate that: 1) there are circumstances

compelling such action to achieve justice,
2) Sound reasons exist for failure to seek appropriate earlier relief, and 3) the Petitioner continues to suffer legal consequences from his conviction that may be remedied by granting of writ". Kovacs, 744 F.3d at 49.

Here, the Petitioner satisfies the three criteria standard set forth in Kovacs. First, the decision in Davis establishes that the Petitioner was convicted for something that is no crime at all [i.e., §924(c)(3)(B)]. Davis, 139 S.Ct. at 2323 ("A vague law is no law at all"). Second, reasons exist for failure to bring this action earlier, where the Davis decision was not decided until the Petitioner had been released from custody on the instant offense. Third, the Petitioner continues to suffer legal consequences, where his prior unlawful §924(c) conviction continues to count as a "violent felony" under the A.C.C.A. pursuant to his current federal

sentence. And, if granted Coram Nobis Relief, he will be allowed to vacate such unlawfully enhanced sentence pursuant to 28 U.S.C. §2255(f)(4). See Stewart v. United States, 646 F.3d 856, 865 (11th Cir. 2011) (Holding that a defendant may seek post-conviction relief from an enhanced sentence, where judgment of a prior conviction is vacated).

Thus, the district court has jurisdiction to entertain the instant motion for the reasons stated above.

## III. Argument and Citations of Authority

A. - Petitioner is Actually Innocent of violating §924(c) in light of DAVIS and such conviction must be vacated, where

(5)

he was convicted for a nonexistent offense. Recently, the Supreme Court found an offense for using or carrying a firearm in the commission of a conspiracy to commit Hobbs Act Robbery, in violation of 18 U.S.C. § 1951(A) and 18 U.S.C. §924(c)(3)(b) was invalid. DAVIS, 139 S.CT. At 2324-27, 2336. In Doing so, the court concluded that §924(c)(3)'s residual clause defining of "crime of violence" was too vague to stand. Id. In writing for the Court, Justice Gorsuch stated that:

> "[I]n our constitutional order, a vague law is no law at all. Only the People's elected representatives in Congress have the power to write new federal laws. And when Congress exercise that power, it has ~~to~~ write statutes that give ordinary people fair warning about what the law demands of them. Vague laws transgress both of those constitutional requirements."

Id.

Following Davis, a conviction for using a firearm in commission of a conspiracy to commit Hobbs Act Robbery, is no longer a Federal Crime. United States v. Barrett, 937 F.3d 126 (2nd cir. 2019)(holding that Hobbs Act Robbery-Conspiracy - §1951(A) is not a §924(c) predicate crime of violence); Brown v. United States, 942 F.3d 1069 (11th cir. 2019)(same). As a result, the Petitioner's conviction must be vacated.

Here, the petitioner entered a guilty plea for something that did not violate the laws of the United States [i.e., §924(c)(3)(B)]. Thus, the application of contract law binds the Agreement and the decision of Davis and Barrett, both demand that the Petitioner's §924(c) conviction be vacated, on the holding that "[A] vague law is no law at all". United States v. St. Hubert, 909 F.3d 335, 344 (11th cir. 2018) (holding that where a defendant pleads guilty to an invalid §924(c) offense, a plea of guilty

(7)

cannot bar such jurisdictional challenge, where such a defendant has been indicted and convicted for a non-offense), citing Class v. United States, 583 U.S. ___, 138 S.Ct. 798, 807-08 (2018), see also Adams v. Murphy, 653 F.2d 224, 225 (5th Cir. 1981) ("No-where in this country can any man be condemned for a non-existent crime".)

As a result, this court should find that the use of a writ of Coram Nobis is appropriate in this case to vacate the unlawful §924(c) conviction.

## Conclusion

Wherefore, the Petitioner prays ~~that~~ the instant writ of Coram Nobis relief is GRANTED.

Respectfully Submitted

Alex Tavera #58510-053
P.O. Box 1032
Coleman FL. 33521
Federal Corr. Complex - Medium

(8)

# Certificate of Service

I Hereby certify that a True and Correct copy of the foregoing motion has been sent on this day 18th ~~January~~, 2021 via United States Postal Service, First class postage Pre-Paid, to the Following Party:

Michelle Delong - A.U.S.A.
271 Cadman Plaza East
Bklyn. NY. 11201

Alex Tavera #58510-053
P.O. Box 1032
Coleman, FL 33521
Federal Correctional Complex
Coleman-Medium B-2

*Legal-Mail*

To: Clerk of U.S. District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY

11201-183299