```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
ALEX TAVERA,                                          :
                                                      :
                Petitioner,                           :
                                                      :       MEMORANDUM & ORDER
        v.                                            :       20-CV-6342 (WFK) (LB)
                                                      :
UNITED STATES OF AMERICA,                             :
                                                      :
                Respondent.                           :
-------------------------------------------------------------X
```

**WILLIAM F. KUNTZ, II, United States District Judge:** On December 21, 2020, Alex Tavera ("Petitioner") filed a Petition for a Writ of Coram Nobis seeking to vacate a prior conviction for a violation of 18 U.S.C. § 924(c), which prohibits the use or possession of a firearm during a crime of violence. Petition, ECF No. 1 ("Pet."); Supplemental Petition, ECF No. 6 ("Supp. Pet."). Petitioner brings his motion pursuant to *United States v. Davis*, 139 S. Ct. 2319 (2019). For the reasons that follow, Petitioner's motion for a Writ of Coram Nobis is hereby GRANTED and his conviction for brandishing a firearm pursuant to Section 924(c) is hereby VACATED.

## BACKGROUND

### I. Factual and Procedural Background

On September 25, 2000, Petitioner pled guilty to an information charging two counts in connection with his participation in a conspiracy to commit robberies: namely, (a) conspiracy to commit two Hobbs Act robberies, in violation of 18 U.S.C. § 1951 ("Count One"), and (b) brandishing a firearm, during and in relation to the conspiracy to commit those robberies, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) ("Count Two"). Felony Information, *United States v. Tavera*, 00-CR-956 (E.D.N.Y) (Trager, J) (ECF No. 7). Section 924(c) authorizes an enhanced sentence where a defendant, "during and in relation to any crime of violence . . . uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm." 18 U.S.C. § 924(c)(1)(A). Section 924(c)(3) defines a predicate "crime of violence" for purposes of 18 U.S.C. § 924(c)(1)(A) as offense that is a felony and—

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

1

>   (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). Section 924(c)(3)(A) is commonly known as the "elements" clause; section 924(c)(3)(B) is known as the "residual" clause. *Davis*, 139 S. Ct. at 2324; *see also United States v. Capriata*, 12-CR-712, 2021 WL 1180049, at *1 (S.D.N.Y. Mar. 29, 2021) (Stein, J.).

On October 15, 2001, Petitioner was sentenced to 35 months in prison on Count One and one month in prison on Count Two, which were to run consecutively for a total of 36 months' imprisonment. Judgment, *United States v. Tavera*, 00-CR-956 (E.D.N.Y) (Trager, J.) (ECF No. 10). Petitioner was released from prison in 2003.

On January 21, 2010, in the Southern District of Florida, Petitioner pled guilty to one count of conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a), and two counts of being a felon in possession of firearms and ammunition, in violation of 18 U.S.C. § 922(g)(1), as a result of his participation in a robbery on August 18, 2009. Minute Entry for Change of Plea Hearing, *United States v. Tavera*, 09-CR-20762 (S.D. Florida) (ECF No. 45). The pre-sentencing report that was prepared in anticipation of Petitioner's sentencing designated Petitioner as an "Armed Career Criminal" based upon three prior violent felonies, which enhanced his offense level. *Id.* at 2; *see* 18 U.S.C. § 924(e). Critically, one of the prior violent offenses that was relied upon in designating Petitioner as an "Armed Career Criminal" was Count Two of his felony guilty plea on September 25, 2000 in the Eastern District of New York (the other prior violent offenses were two New York state convictions for robbery in the first degree and attempted murder in the second degree). *See* Order Denying Motion to Vacate, *Tavera*, 09-CR-20762 (S.D. Florida) (ECF No. 74).

On April 8, 2010, the court in the Southern District of Florida designated Petitioner as an "Armed Career Criminal," and sentenced him to 235 months of incarceration, which was within the applicable Guidelines range. *Id.* at 2. Petitioner remains in custody.

On June 26, 2015, in *Johnson v. United States*, 135 S. Ct. 2551 (2015) ("Johnson II"), the Supreme Court ruled that the residual clause of the Armed Career Criminal Act ("ACCA") – a residual clause similar to the one in § 924(c)—was unconstitutionally vague. *Johnson v. United States*, 576 U.S. 591, 606 (2015). On June 24, 2016, the Petitioner filed a § 2255 motion to vacate, set aside, or correct his sentence in the Southern District of Florida. Habeas Petition, *Tavera v. United States*, 16-CV-22346 (S.D. Florida) (ECF No. 1). In that motion, the Petitioner argued, in relevant part, that after Johnson II his conviction in the Eastern District of New York for a Hobbs Act robbery conspiracy was not a "violent felony" pursuant to 18 U.S.C. § 924(e)(l)(B)(i). *Id.* While Petitioner's § 2255 motion was pending, the Supreme Court held in *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), that the definition of "crime of violence" found in 18 U.S.C. § 16(b) suffered from the same vagueness problems that Johnson II had found to be fatal in the ACCA, rendering section 16(b) unconstitutional as well.

On June 15, 2018, the Florida district court denied Petitioner's § 2255 motion, declining to adopt the report and recommendation of a magistrate judge that Petitioner's motion to vacate be granted. *See* Order, *Tavera*, 09-CR-20762 (S.D. Florida) (ECF No. 28). Petitioner promptly filed a motion for a certificate of appealability, which was denied by the district court. *Id*. (ECF No. 30). Petitioner then filed a motion for a certificate of appealability in the appellate court. *Tavera v. United States*, 816 F. App'x 402, 404 (11th Cir. 2020). While Petitioner's motion for a certificate of appealability was pending before the Eleventh Circuit, the Eleventh Circuit issued *Brown v. United States*, 942 F.3d 1069, 1075–76 (11th Cir. 2019), which held that conspiracy to

commit Hobbs act robbery did not qualify as a "crime of violence" under the elements clause of 18 U.S.C. § 924(c)(3)(A). The Eleventh Circuit then granted Petitioner a certificate of appealability on the issue of "[w]hether, considering *Brown*[ ], Tavera was sentenced under the residual clause of the [ACCA,] 18 U.S.C. § 924(e)(2)(B)(ii)." *Tavera v. United States*, 816 F. App'x at 404. On July 1, 2020, the Eleventh Circuit affirmed the denial of Petitioner's § 2255 motion. *Id.* at 406.

On June 24, 2019, the Supreme Court decided *United States v. Davis*, 139 S. Ct. 2319 (2019) which held that section 924(c)(3)(B)'s residual clause was unconstitutionally vague in light of *Dimaya* and Johnson II. 139 S. Ct. at 2326–27.

Following the Supreme Court's ruling in *Davis*, Petitioner wrote to the Federal Defenders office in the Southern District of Florida seeking assistance in challenging his conviction under *Davis*. Petitioner's Letter dated 5/18/2021, ECF No. 14 ("Pet. Supp. Letter"). On October 29, 2018, an assistant Public Federal Defender responded to Petitioner's inquiry and informed him they would be unable to provide assistance or representation. *See* Pet. Supp. Letter, Ex. A ("Federal Defender's Letter").

On December 21, 2020, Petitioner filed the instant *coram nobis* petition in the Eastern District of New York seeking to vacate Count Two. *See* Petition, ECF No. 1; Suppl. Pet., ECF No. 6. Respondent argues the Petition should be dismissed on procedural grounds—namely, that the Petition is untimely. Respondent's Opposition, ECF No. 9 ("Resp. Opp.") at 1. However, Respondent concedes that should this Court proceed to the merits of the Petition, Petitioner's conviction on Count Two should be vacated in light of *Davis*. *Id.*

4

## LEGAL STANDARD

A writ of error *coram nobis* is an "extraordinary remedy" authorized under the All Writs Act, 28 U.S.C. § 1651 (a), that "issues only in extreme cases." *United States v. Denedo*, 556 U.S. 904, 911 (2009); *see also Porcelli v. United States*, 404 F.3d 157, 158 (2d Cir. 2005). The writ is "typically available only when habeas relief is unwarranted because the petitioner is no longer in custody," *Kovacs v. United States*, 744 F.3d 44, 49 (2d Cir. 2014), and is "a remedy of last resort," *Fleming v. United States*, 146 F.3d 88, 89 (2d Cir. 1998) (per curiam), that is "strictly limited to those cases in which 'errors . . . of the most fundamental character' have rendered 'the proceeding itself irregular and invalid,'" *Foont v. United States*, 93 F.3d 76, 78 (2d Cir. 1996) (quoting *United States v. Carter*, 437 F.2d 444, 445 (5th Cir. 1971) (per curiam)).

To be entitled to relief, the petitioner must demonstrate that "(1) there are circumstances compelling such action to achieve justice, (2) sound reasons exist for failure to seek appropriate earlier relief, and (3) the petitioner continues to suffer legal consequences from his conviction that may be remedied by granting of the writ." *Foont*, 93 F.3d at 79.

## DISCUSSION

1. **The Petition is Timely**

No statute of limitations governs the filing of a *coram nobis* petition. *See Foont,* 93 F.3d at 79. A petition for a writ of *coram nobis* may be "time barred if the petitioner cannot provide a justified reason for failure to seek appropriate relief at an earlier date." *Cruz v. New York*, 03-CV-9815, 2004 WL 1516787, at *4 (S.D.N.Y. July 6, 2004) (Chin, J.) (citing *Foont*, 93 F.3d at 80). In deciding the timeliness of a petition, "[t]he critical inquiry is whether the petitioner knew or should have known earlier of facts underlying the claim for *coram nobis* relief." *Nangia v. United States*, 11-CV-6056, 2012 WL 4513477, at *3 (S.D.N.Y. Oct. 2, 2012) (Berman, J.)

(citing *Evangelista v. United States*, 11-CV-5085, 2012 WL 3818109, at *3 (E.D.N.Y. Sept. 4, 2012) (Wexler, J.) (internal quotations and citation omitted)). The timeliness inquiry "must be determined on a case-by-case basis, with full regard for the attendant circumstances." *Nicks v. United States*, 835 F. Supp. 151, 153 (S.D.N.Y. 1993) (Haight, J.). "[I]f petitioner does not proffer a sound reason for delay, 'courts have held that [such petition] should be dismissed if its filing has been delayed for more than several years.'" *Rodriguez v. United States*, 98-CR-764, 2012 WL 6082477, at *9 (S.D.N.Y. Dec. 4, 2012) (Dolinger, Mag.) (citing *Cruz*, 2004 WL 1516787, at *4); *see also United States v. Hernandez*, 283 F. Supp. 3d 144, 153 (S.D.N.Y. 2018) (Sweet, J.).

Respondent argues Petitioner's motion is untimely because Petitioner "waited nearly five years after receiving notice of Johnson II's decision in 2015, and nearly 18 months after receiving notice of the Davis decision in 2019 before filing a motion to vacate his guilty plea in this Court." Resp. Opp. at 5. As an initial matter, this Court finds that the operative date, at which point Petitioner "knew or should have known" of the "facts underlying the claim for coram nobis relief" was on June 24, 2019, when the Supreme Court decided *Davis*. This Court is convinced that the date of the Supreme Court's decision in Johnson II is not the appropriate point to start running Petitioner's clock, as the decision in Johnson II did not invalidate the specific statute under which Petitioner was convicted—*Davis* did. Accordingly, this Court will consider whether Petitioner has proffered sound reason for an 18-month delay in bringing his motion for a writ of *coram nobis*.

Petitioner has set forth a number of reasons justifying the 18-month delay in filing the Petition. First, Petitioner is proceeding pro se and was incarcerated for the entirety of the 18-month period between the Supreme Court's decision in *Davis* and the filing of the instant

Petition. Undoubtedly, it will take a pro se, incarcerated Petitioner additional time to become aware of, and understand how, new Supreme Court precedent may affect the constitutionality of their conviction. Accordingly, Petitioner's pro se and incarcerated status provides one sound reason for the 18-month delay. *See Barnes v. Pozzi*, 10-CV-2554, 2012 WL 5451033, at *1 (S.D.N.Y. Nov. 8, 2012) (Koeltl, J.) (excusing delay in filing of a motion for reconsideration "given the plaintiff's pro se and incarcerated status").

Second, soon after *Davis* was decided, Petitioner sent a letter to the Federal Defenders office in the Southern District of Florida seeking assistance in challenging his conviction. On October 29, 2019, an Assistant Federal Public Defender within the office responded to Petitioner's inquiry, stating their office would be unable to help Petitioner because, in their view, he did not have a *Davis* claim as: (1) he was not convicted of a § 924(c) offense in the Southern District of Florida and (2) he was no longer able to bring a § 2255 motion in the Eastern District of New York because he was no longer "in custody" pursuant to his Eastern District of New York conviction. The Florida Federal Defenders office did not inform Petitioner he may have a meritorious motion for a writ of *coram nobis*. Petitioner's effort to find counsel and pursue a motion to challenge his conviction is evidence Petitioner was not sitting idly by after *Davis* was decided, but was actively, and in a timely manner, seeking assistance to challenge his conviction. *Doe v. United States*, 915 F.3d 905 (2d Cir. 2019) (deciding petitioner provided sound reasons to justify his five-year delay in seeking to vacate his underlying conspiracy conviction where government agents actively dissuaded petitioner from seeking to vacate his conviction and repeatedly assured him that they would procure him citizenship, and after he realized that the agents could not help him obtain citizenship, he immediately hired counsel to pursue coram nobis relief).

Third, Petitioner was under the belief that it would be inappropriate to challenge his conviction in two different district courts simultaneously. In support of his motion, Petitioner notes, "when *Davis* was decided, I took action seeking relief starting in 2019 and did not file in New York until it was settled in the 11th circuit, so as not to have the same issue in two (2) separate District Courts." Pet. Supp. Letter. The Eleventh Circuit affirmed the dismissal of Petitioner's § 2255 motion on July 1, 2020. *Tavera v. United States*, 816 F. App'x 402, 404 (11th Cir. 2020). Approximately five months later, Petitioner filed the instant Petition. Petitioner's belief that he could not raise the motion in New York while it was pending in Florida, even if wrongly held, coupled with his otherwise concerted effort to vacate his conviction, provides a sound reason justifying the delay. *Dixon v. United States*, 14-CV-960, 2015 WL 851794, at *8 (S.D.N.Y. Feb. 27, 2015) (Karas, J.) (finding that petitioner offered "sound reasons" for his failure to file earlier where he reasonably believed he could not file until being released from prison, and where he otherwise demonstrated a diligent effort in pursuing his claims).

Finally, in late February 2020, COVID-19 swept into the United States. Derrick Bryson Taylor, *A Timeline of the Coronavirus Pandemic*, N.Y. Times (March 17, 2021), https://www.nytimes.com/article/coronavirus-timeline.html. Prison populations were quickly identified as potential hotspots for outbreaks of the virus. *See generally* Emma Brown & Dalton Bennett, *'Disaster waiting to happen': Thousands of inmates released as jails and prisons face coronavirus threat*, Washington Post (Mar. 25, 2020, 06:00 AM), https://www.washingtonpost.com/national/disaster-waiting-to-happen-thousands-of-inmates-released-as-jails-face-coronavirus-threat/2020/03/24/761c2d84-6b8c-11ea-b313-df458622c2cc_story.html. Accordingly, prisons across the country instituted drastic lock down

8

and quarantine protocols to limit the spread of the virus. In support of his motion, Petitioner notes that during the lockdown, "he had no access to any of his legal material or the law library to conduct his research." Petitioner's Reply, ECF No. 13 at 6. This coupled with the reasons set forth above, is sufficient to establish sound reasons for Petitioner's 18-month delay. *Medina v. United States*, 12-CV-238, 86-CR-238, 2012 WL 742076, at *7 (S.D.N.Y. Feb. 21, 2012) (Oetken, J.) (finding petition timely where petitioner filed approximately two years after becoming aware of the immigration consequences of his conviction). As such, Petitioner's motion is timely.

### 2. Petitioner's Conviction on Count Two is Vacated

Having found Petitioner's Petition for a writ of *coram nobis* is timely, this Court proceeds to the merits of the Petition. Petitioner argues that in light of *Davis*, the residual clause of 924(c)(3)(B) is no longer good law and cannot support his § 924(c)(1)(a)(ii) conviction. The Respondent agrees that Petitioner has a meritorious motion to vacate his conviction under *Davis*.

In *United States v. Davis*, 139 S. Ct. 2319 (2019), the Supreme Court held that § 924 (c)(3)(B)'s residual clause was unconstitutionally vague. *See Id.* at 2325–27. Petitioner's §924(c) conviction in the Eastern District of New York on Count Two was predicated solely on a conspiracy to commit Hobbs Act robbery. "Following Davis, [the Second Circuit] concluded that Hobbs Act robbery conspiracy does not qualify as a § 924(c) crime of violence under § 924(c)(3)(A)." *United States v. Bonner*, 826 F. App'x 52, 56 (2d Cir. 2020) (summary order). Therefore, a conspiracy to commit Hobbs Act robbery qualifies as a crime of violence only under § 924(c)(3)(B), the residual clause held unconstitutionally vague and therefore unenforceable in *Davis*. Accordingly, the parties agree that Petitioner's Count Two conviction for using a firearm in committing Hobbs Act robbery conspiracy must be vacated because the identification of that

9

crime as one of violence depended on the now-defunct residual clause. *See United States v. Barrett*, 937 F.3d 126, 127 (2d Cir. 2019) ("We are obliged to vacate [defendant's Section 924(c)] conviction because *Davis* precludes us from concluding, as we did in our original opinion, that [defendant's] Hobbs Act robbery conspiracy crime qualifies as a 924(c) crime of violence."). This Court agrees. Accordingly, in light of *Davis*, Petitioner's § 924(c) conviction under Count Two of the Information in *United States v. Tavera*, 00-CR-956 (Trager, J), is hereby VACATED. *See Lopez v. United States*, 2020 WL 2521447, at *2 (S.D.N.Y. May 18, 2020) (McMahon, J.) (vacating and dismissing defendant's conviction on § 924(c) count); *Rodriguez v. United States,, Petitioner*, 12-CV-7363, 2021 WL 2137758, at *8 (S.D.N.Y. May 26, 2021) (McMahon, J). (same).

## CONCLUSION

For the foregoing reasons, Petitioner's motion for a writ of *coram nobis* is hereby GRANTED and Petitioner's § 924(c) conviction under Count Two of the information in *United States v. Tavera*, 00-CR-956 (Trager, J), is hereby VACATED.

SO ORDERED.

s/ WFK
_____
HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: June 14, 2021
      Brooklyn, New York